**RIGRODSKY & LONG, P.A.**
ATTORNEYS AT LAW

919 NORTH MARKET STREET, SUITE 980
WILMINGTON, DELAWARE 19801

SETH D. RIGRODSKY*
BRIAN D. LONG**

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN PA

TELEPHONE (302) 295-5310
FACSIMILE (302) 654-7530
WWW.RIGRODSKYLONG.COM

December 11, 2006

**VIA ECF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
  For the District of Delaware
844 N. King Street
Wilmington, DE  19801

    Re:    Joel Gerber v. C. Harry Knowles, et al.
             C.A. No. 6-747 (D. Del.)

Dear Judge Farnan:

       I write as counsel for plaintiff Joel Gerber in the above-referenced action. The Court has ordered the parties to appear tomorrow for a scheduling conference in connection with plaintiff's application for a temporary restraining order. Today, defendants filed a five page single-spaced letter urging this Court to deny plaintiff's Motion. Defendants also seek permission to file a sanctions motion against plaintiff for something defendants term "rank forum shopping." Plaintiff fully intends to respond to defendants' merits-based arguments after the Court sets a schedule in this matter. Certainly, the hyperbolic, shrill tone of defendants' letter bespeaks the weaknesses of their substantive arguments. Given the bombast and fatal inaccuracies defendants assert in their letter, plaintiff now offers the following brief reply.

       The apparent thrust of defendants' letter seems to be that this Court should not issue a temporary restraining order because a consolidated state-law based case is pending in Camden, New Jersey state court. Defendants, however, fail to inform the Court that plaintiff dismissed his New Jersey action. *See* attachment A hereto.

       Defendants also ignore the plain fact that plaintiff seeks injunctive relief for defendants' violations of Section 14(a) of the Federal Securities Exchange Act for the dissemination of a materially misleading proxy statement in connection with the shareholder vote on the disputed merger between Metrologic Instruments, Inc. and entities controlled by a private equity firm. This Court has *exclusive jurisdiction* to consider those claims. 15 U.S.C. § 78aa. Moreover, the Camden court has done nothing, failing even to schedule a hearing for injunctive relief. The state court's lack of attention does not mean that this Court must refrain from exercising its exclusive jurisdiction over plaintiff's federal claims.

       Defendants also wrongly assert that this Court lacks personal jurisdiction. However, the statute plainly provides that a plaintiff can bring a lawsuit to enjoin a violation of the federal securities laws "in the district wherein any act or transaction constituting the violation occurred."

The Honorable Joseph J. Farnan, Jr
December 11, 2006
Page 2

*Id.* Defendants do not claim that they distributed the proxy in every state except for Delaware. Moreover, as alleged in the complaint, defendants incorporated the corporate merger vehicles in this District, and the successor corporation in the merger, defendant Meteor Holding Corporation, is a Delaware corporation. ¶¶ 13-14. Defendants' contention that some defendants are beyond service is false. Section 78aa states that "process may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." *Id.*

Defendants take plaintiff to task for allegedly waiting too long to file their federal case. Defendants, however, fail to mention that they chose to disseminate the final proxy on November 29, 2006, the Wednesday before the Thanksgiving holiday. By disseminating the final proxy just weeks before they scheduled the shareholder vote, defendants created the exigency that they claim exists here. Indeed, plaintiff will show the Court that the defendant buyers timed the transaction in this way to unfairly advantage themselves. Defendants claim that enjoining the transaction will hurt Metrologic's shareholders, but their proxy states that it will be business as usual if the shareholders do not approve the deal. *See* attachment B hereto.

In sum, for the reasons set forth herein and in his Motion and supporting papers, plaintiff respectfully requests the Court to schedule an injunction hearing in advance of the December 20, 2006, vote on the disputed merger transaction.

Respectfully,

Brian D. Long
(ID # 4347)

BDL/lak
cc:   **Via E-Mail**
      Seth D. Rigrodsky, Esq.
      Samuel Rudman, Esq.
      Ira Press, Esq.
      Robert Kornreich, Esq.
      Carl Stine, Esq.
      Evan Smith, Esq.
      William Kelleher, Esq.
      Robert L. Hickok, Esq.
      Angelo A. Stio, III, Esq.
      David J. Berger, Esq.
      Elizabeth M. Saunders, Esq.
      Wolfgang Heimerl, Esq.
      Marc Rose, Esq.
      Gregory B. Reilly, Esq.
      John B. Schupper, Esq.
      Geoffrey A. Kahn, Esq.
      Louis R. Moffa, Jr., Esq.

# EXHIBIT A

Evan J. Smith, Esquire
**BRODSKY & SMITH, LLC**
1040 Kings Highway North, Suite 601
Cherry Hill, NJ 08034
856-795-7250

*Attorneys for Plaintiff*

[Additional Attorneys on Signature Line Below]

| | |
|---|---|
| JOEL GERBER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>C. HARRY KNOWLES, RICHARD C. CLOSE, JANET H. KNOWLES, JOHN H. MATHIAS, STANTON L. MELTZER, HSU JAU NAN, WILLIAM RULON-MILLER, and METROLOGIC INSTRUMENTS, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>Docket No. L-6503-06<br><br>**STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO R. 4:37-1** |

No answering pleading or motion for summary judgment having been filed, and no class having been certified, plaintiff hereby dismisses this case voluntarily and without prejudice pursuant to R. 4:37-1.

Dated: December 8, 2006

BRODSKY & SMITH, LLC

By: _____
Evan J. Smith, Esquire
1040 Kings Highway North, Suite 601
Cherry Hill, NJ 08034
856-795-7250

Lawrence Sass, Esquire
Law Offices of Lawrence Sass
443 Northfield Avenue
West Orange, NJ 07052

[Additional Attorneys on Next Page]

Ira Press, Esquire
Kirby McInerney & Squire, LLP
830 Third Avenue
New York, NY 10022

Attorneys for Plaintiff Gerber

Evan J. Smith, Esquire
**BRODSKY & SMITH, LLC**
1040 Kings Highway North, Suite 601
Cherry Hill, NJ 08034
856-795-7250

Seth D. Rigrodsky, Esquire
Brian D. Long, Esquire
**RIGRODSKY & LONG, P.A.**
919 North Market Street, Suite 980
Wilmington, DE 19801
(302) 295-5310

*Attorneys for Plaintiff*

| | |
|---|---|
| DAVID WILKENFELD, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>C. HARRY KNOWLES, et. al.<br><br>　　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>CHANCERY DIVISION<br><br>Docket No. C-166-06<br><br><u>**PROOF OF MAILING**</u> |

## PROOF OF MAILING

I, Evan J. Smith, Esquire, Esquire, of full age, hereby certifies that on December 8, 2006, I caused to be delivered by first class regular mail and electronic mail a true and correct copy of the attached PLAINTIFF'S Stipulation of Dismissal without Prejudice AND PROOF OF MAILING on all counsel set forth below:

　　　Seth D. Rigrodsky, Esquire
　　　Rigrodsky & Long, P.A.
　　　919 N. Market Street, Suite 980
　　　Wilmington, DE 19801
　　　Telephone: (302) 295-5310
　　　Facsimile: (302) 654-7530

**SAXENA WHITE P.A.**
Maya Saxena, Esquire
Joseph E. White, III, Esquire
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel. (561) 394-3399
Fax. (561) 394-3382

**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy, Esquire
265 Llwyds Lane
Vero Beach, FL 32963
Tel: (828) 737-0500
Fax: (828) 737-0534

*Attorneys for Plaintiff Wilkenfeld*

Danielle Disporto, Esquire
Wolf Popper, LLP
845 Third Avenue
New York, NY 10022
212-759-4600
212-486-2093 (facsimile)

*Attorneys for Plaintiff Savarese*

Samuel Rudman, Esquire
Lerach Coughlin
58 S. Service Road, Suite 200
Melville, NY 11747
631-367-7100
631-367-1173 (facsimile)

Peter Pearlman, Esquire
Cohn, Lifkind, Pearlman
Park 80 Plaza West-One
SaddleBrook, NJ 07663
201-845-9600
201-845-9423 (facsimile)

*Attorneys for Plaintiff Marcin*

Lawrence J. Sass, Esquire
443 Northfield Avenue
West Orange, NJ 07052
973-324-5500
973-535-1921 (facsimile)

Ira Press, Esquire
Kirby McInerney & Squire
830 Third Avenue
New York, NY 10022
212-317-2300
212-751-2540 (facsimile)

*Attorneys for Plaintiff Gerber*

Louis R. Moffa, Jr., Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
Telephone: (856) 761-3493
Facsimile: (856) 873-9050

Geoffrey A. Kahn, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8219
Facsimile: (215) 864-9750

*Attorneys for Defendants Metrologic Instruments, Inc., Richard C. Close, Stanton L. Meltzer, John H. Mathias, Hsu Jau Nan and William Rulon-Miller*

Angelo A. Stio, III, Esquire
Pepper Hamilton, LLP
300 Alexander Park
Princeton, NJ 08543
Telephone: (609) 452-0808
Facsimile: (609) 452-1147

and

3

Robert L. Hickok, Esquire
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

*Attorneys for C. Harry Knowles and Janet Knowles*

Gregory B. Reilly, Esquire
John D. Schupper, Esquire
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ 07068-1791
Telephone: (973) 597-2460
Facsimile: (973) 597-2461

David J. Berger, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 320-4901
Facsimile: (650) 565-5100

Wilson Sonsini Goodrich & Rosati, P.C.
Elizabeth M. Saunders, Esquire
One Market, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2120
Facsimile: (415) 947-2099

Wilson Sonsini Goodrich & Rosati, P.C.
Kenneth M. Murray, Esquire
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 497-7772
Facsimile: (212) 999-5899

*Attorneys for Francisco Partners, II, L.P., FP-Metrologic, LLC, Meteor Holding Corporation, and Meteor Merger Corporation*

Wolfgang Heimerl, Esquire
Heimerl Law Firm
1 Anderson Road, Suite 105
Bernardsville, NJ 07924
Telephone: (908) 766-3385
Facsimile: (908) 766-4821

   and

David Parker, Esquire
Marc Rosen, Esquire
Kleinberg, Kaplan, Wolff & Cohen, P.C.
551 Fifth Avenue
New York, NY 10176
Telephone: (212) 986-6000, ext. 880
Facsimile: (212) 986-8866

*Attorneys for Elliott Associates, L.P. and Elliott International, L.P.*

Dated: December 8, 2006

                    Evan J. Smith, Esquire

# EXHIBIT B

DEFM14A 1 a06-20630_1defm14a.htm DEFINITIVE PROXY STATEMENT RELATING TO MERGER OR ACQUISITION

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549**

## SCHEDULE 14A

Proxy Statement Pursuant to Section 14(a) of
the Securities Exchange Act of 1934 (Amendment No.        )

Filed by the Registrant ☒

Filed by a Party other than the Registrant ☐

Check the appropriate box:
☐ Preliminary Proxy Statement
☐ **Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**
☒ Definitive Proxy Statement
☐ Definitive Additional Materials
☐ Soliciting Material Pursuant to §240.14a-12

# METROLOGIC INSTRUMENTS, INC.

(Name of Registrant as Specified In Its Charter)

**N/A**

(Name of Person(s) Filing Proxy Statement, if other than the Registrant)

Payment of Filing Fee (Check the appropriate box):
☐ No fee required.
☒ Fee computed on table below per Exchange Act Rules 14a-6(i)(1) and 0-11.
  (1) Title of each class of securities to which transaction applies:
     Common Stock, par value $0.01 per share, of Metrologic Instruments, Inc. ("Metrologic common stock")
  (2) Aggregate number of securities to which transaction applies:
     22,770,094 shares of Metrologic common stock, options to purchase 1,748,130 shares of Metrologic common stock and warrants to purchase 195,000 shares of Metrologic common stock(1)
  (3) Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (set forth the amount on which the filing fee is calculated and state how it was determined):
     $18.50 per share of Metrologic common stock
     $18.50 minus weighted average exercise price of outstanding options of $4.00 per share subject to an option with an exercise price that is less than $18.50
     $1.00 per award for options with an exercise price that is greater than or equal to $18.50
     $18.50 minus exercise price of warrants of $3.47 per share subject to a warrant
  (4) Proposed maximum aggregate value of transaction:
     $369,128,879(1)
  (5) Total fee paid:
     $39,497(1)
☒ Fee paid previously with preliminary materials.
☐ Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.
  (1) Amount Previously Paid:

**Effects on the Company if the Merger is Not Completed**

In the event that the merger agreement is not approved by Metrologic's shareholders or if the merger is not completed for any other reason, our shareholders will not receive the payment for their shares contemplated by the merger agreement. Instead, Metrologic will remain an independent public company and its common stock will continue to be listed and traded on The NASDAQ Global Select Market. In addition, if the merger is not completed, we expect that management will continue to operate Metrologic's business in a manner similar to that in which it is being operated today, with the exception of changes to the operations that will result from the divestiture of AOA discussed elsewhere in this proxy statement. As

42

a result, Metrologic shareholders will continue to be subject to the same risks and opportunities as they currently are, including, among other things, general industry, economic and market conditions. Accordingly, if the merger is not consummated, there can be no assurance as to the effect of these risks and opportunities on the future value of your Metrologic shares. From time to time, Metrologic's board of directors will evaluate and review, among other things, the business operations, properties, dividend policy and capitalization of Metrologic, make such changes as are deemed appropriate and continue to seek to identify strategic alternatives to maximize shareholder value. If the merger agreement is not approved by Metrologic's shareholders or if the merger is not consummated for any other reason, there can be no assurance that any other transaction acceptable to Metrologic will be offered or occur or that the business, prospects or results of operations of Metrologic will not be adversely affected.

If the merger agreement is terminated under certain circumstances, Metrologic will be obligated to pay a termination fee of $18.25 million to Meteor Holding Corporation or its designee. Under other circumstances, Meteor Holding Corporation will be obligated to pay a termination fee of $9.125 million to Metrologic. See "The Merger Agreement—Fees and Expenses."

**Financing of the Merger**

The obligation of Meteor Holding Corporation and Meteor Merger Corporation to complete the merger is subject to a debt financing condition, which is described in "The Merger Agreement (Proposal No. 1)—Conditions to Completion of the Merger." Meteor Holding Corporation estimates that approximately $398.5 million will be the total amount of funds required to pay the merger consideration of $370.7 million and related fees and expenses. Meteor Merger Corporation expects this amount, together with the related working capital requirements of Metrologic following the completion of the merger, to be provided through a combination of the proceeds of the following:

- an aggregate cash equity investment by the Francisco Partners Investor of not less than $128.0 million;
- approximately $60.6 million in rollover equity financing from the Rollover Investors;
- a new $160.0 million senior secured first loan facility, consisting of a $125.0 million term loan facility and a $35.0 million revolving credit facility;
- a new $75.0 million senior secured second lien loan facility; and
- cash and fully liquid cash equivalents held by Metrologic.

Meteor Merger Corporation has received the equity and debt commitments described below.