IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL GERBER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) C.A. No. 06-747 (JJF) |
| C. HARRY KNOWLES, RICHARD C. CLOSE, JANET H. KNOWLES, JOHN H. MATHIAS, STANTON L. MELTZER, HSU JAU NAN, WILLIAM RULON-MILLER, FRANCISCO PARTNERS, II, L.P., FP-METROLOGIC, LLC, METEOR HOLDING CORPORATION, METEOR MERGER CORPORATION, ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., METROLOGIC INSTRUMENTS, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

OF COUNSEL:

KIRBY, MCINERNEY & SQUIRE, LLP
Ira M. Press, Esquire
830 Third Avenue
New York, NY 10022
Tel: (212) 317-2300

Dated: December 14, 2006

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky, Esquire (ID # 3147)
Brian D. Long, Esquire (ID # 4347)
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel: (302) 295-5310

*Attorneys for Plaintiff*

Plaintiff respectfully submits this Memorandum of Law in response to Defendants' Motion to Transfer this case to the District of New Jersey pursuant to 28 U.S.C. §1404(a).

Defendants have repeatedly argued that this Court lacks subject matter and personal jurisdiction over this case and that defendants are not subject to service of process. *See Gerber v. Knowles*, C.A. No. 06-747 (JJF) (Dec. 12, 2006) (Transcript at 36).[1] Defendants' Memorandum is now silent on these points and for good reason. Section 78aa of the Securities Exchange Act of 1934 (the "Exchange Act") confers on this Court exclusive jurisdiction over plaintiff's claims based on Section 14(a) of the Exchange Act. 15 U.S.C. §78aa. Section 78aa also indisputably establishes that personal jurisdiction *and venue* are proper in this District and that defendants are all subject to service of process here. *Id.*

In light of the black-letter language of the statute, the only "jurisdictional" issue this Court must now resolve is whether defendants can establish that venue in this District is *inconvenient* to them pursuant to 28 U.S.C. § 1404(a). As the precedent defendants cite notes, transfer is only appropriate if the moving party can establish that "the balance of the interests strongly weighs in favor of transfer." *At Home Corp. v. Cox Communications, Inc.*, 2003 U.S. Dist. LEXIS 18320, at *5 (D. Del. Oct. 8, 2003). Defendants cannot meet their heavy burden here and now.

This Court must deny defendants' transfer motion "if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Id.* at *5. As discussed below, the factors courts in this Circuit consider in assessing a transfer motion line up strongly in favor of denying transfer,

---

[1] A true and correct copy of the transcript (cited "Tr.") is attached as Exhibit A to the Affidavit of Brian D. Long, Esq. ("Long Aff.") filed herewith.

let alone balance evenly or tip slightly for defendants. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Plaintiff urges this Court to deny defendants' dilatory tactics and to consider the merits of his application for a temporary restraining order to force defendants to make corrective disclosures in the proxy statement they are using to solicit shareholder approval of the merger between Metrologic, Inc. ("Metrologic") and the Delaware corporations defendant Francisco Partners II, L.P. (itself a Delaware limited liability company) formed to effectuate the challenged transaction.

## ISSUE ONE:

## IS VENUE PROPER IN THIS COURT TO CONSIDER PLAINTIFF'S APPLICATION FOR A TERMPORARY RESTRAINING ORDER IN CONNECTION WITH HIS FEDERAL PROXY CLAIMS?

Defendants spill much ink attacking plaintiff's motive for filing suit in Delaware. In so doing, defendants ignore what the Court said at the scheduling conference: "All right. The motivations of both sides is something that I typically try to ignore. I know why you came here, and why you entered into whatever you entered into over in New Jersey is really kind of irrelevant, in my view. . . . I see this case and try to see each case by what the legal issues are and then try to get answers giving the best judgment you have that day and then whatever the result is, it is." Tr. at 39. As this Court correctly understood, this "is a case brought under the federal statutes and essentially is a proxy case, and, of course, the remedy is that I can order the defendants to change the representations in the materials." Tr. at 40. The Court also understood that it would now limit itself to considering plaintiff's federal proxy claims for injunctive relief focusing on the question of materiality. Tr. at 42-43. To do so, the Court approved an expedited briefing and argument schedule. Tr. at 40-43; 50-55.

2

Defendants fail to offer any reason why it would be inconvenient for them to have this Court adjudicate the merits of plaintiff's federal proxy claims. Defendants have presumably produced the documents, no subpoenas will be necessary, and no live witnesses will appear. The Court ordered that deposition discovery would not go forward unless a party submits a fact affidavit and the opposing party requests a deposition. Tr. at 52-53. Given the fact that these depositions, if any, will go forward on Monday (*id*)., it is more than likely that they will occur through video or audio conference wherever the witness resides.

Accordingly, the only conceivable "inconvenience" for defendants with regard to resolving the question of whether the shareholder vote can occur next Wednesday will be traveling down I-95 from Philadelphia to attend a hearing in Wilmington – no more arduous a task than driving to Camden, New Jersey for the same purpose. In sharp contrast, if the Court transfers this case to New Jersey today, there is no guarantee that the Court there will have the time or resources to issue an Order to maintain the expedited weekend briefing schedule this Court ordered. Tr. at 52. There is absolutely no certainty that the New Jersey Court would have an opportunity to hear plaintiff's temporary injunction motion before the shareholder vote next Wednesday. Moreover, the New Jersey Court will also have to devote substantial resources to familiarize itself with the underlying dispute – a task this Court has already undertaken. In other words, if this Court transfers this case now, there is a good chance that plaintiff will lose his right to seek injunctive relief in derogation of Section 14(a) of the Exchange Act.

Section 78aa confers on this Court jurisdiction and venue. The parties have engaged in document discovery. The Court is familiar with the dispute. A briefing schedule is in place. Defendants cannot possibly show that the requirement of filing an electronic brief on Saturday and appearing for argument on Monday in Wilmington is at all inconvenient to them.

### ISSUE TWO:

### CAN DEFENDANTS MEET THEIR HEAVY
### BURDEN OF PROVING THAT THIS DISTRICT
### IS AN INCONVENIENT FORUM?

The "private interests" this Court considers in determining a *forum non conveniens* motion include: (1) the plaintiff's forum preference as evidenced by his or her original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience for the parties due to their relative physical and financial condition; (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum; and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. *Jumara*, 55 F.3d at 879.[2]

Defendants incorrectly claim that the physical location of Metrologic is the determinative consideration due to their contention that plaintiff challenges only the fairness of the underlying transaction. This Court, however, has properly rejected that mischaracterization, observing during the scheduling hearing that "my view of this case is, it's a case brought under the federal statues and essentially is a proxy case, and, of course, the remedy is that I can order the defendants to change the representations in the materials." Tr. at 40. Thus, the materially misleading statements and omissions in the proxy are the focus of plaintiff's securities law violation claims. Defendants conceded during the scheduled hearing it was "absolutely true" that they distributed the proxy in Delaware. Tr. at 16.[3]

---

[2] Plaintiff's and defendants' forum preferences are indisputably at odds, leaving this Court with four factors to consider.

[3] Almost all of defendants' authorities do not involve federal proxy violation claims and thus do not consider the nexus existent from the solicitation of shareholder votes through the dissemination of a materially misleading proxy statement in this District. *See Cashedge, Inc. v. Yodlee, Inc.*, 2006 WL 2038504 at *1 (D. Del. July 19, 2006); *Omnicom Group. Inc. v.*

4

Aside from ignoring the impact of the proxy mailings, defendants argue that there is no nexus to Delaware whatsoever. Def. Mem. at 3. On the contrary, defendants FP-Metrologic, LLC, Meteor Holding Corporation, Francisco Partners, II, L.P and Elliott Associates, L.P are all Delaware business entities. Most notably, the defendants formed defendant Meteor Holding Corporation to facilitate the sale of Metrologic that is the basis of plaintiff's fairness claims. Thus, to the extent that this Court agrees with defendants that the underlying merger transaction is somehow relevant to the transfer analysis regarding plaintiff's federal claims, the law is clear that forming a Delaware entity to facilitate a "private equity" investment constitutes "doing business" within Delaware for purposes of applying Delaware's long-arm statute. *See Aeroglobal Capital Management, LLC v. Cirrus Inds., Inc.*, 871 A.2d 428, 439-40 (Del. 2005). This Court has not hesitated to consider the merits of a federal proxy claim where the *only* apparent nexus to Delaware was that it was the corporation's state of incorporation. *See*, e.g., *Bally Total Fitness Holding Corp. v. Liberation Investments, L.P.*, 2005 U.S. Dist. LEXIS 34897 (D. Del. Dec. 22, 2005).

With apparent good reason, defendants notably failed to address any of the other three *Jumara* private interest factors, which proves fatal to their Motion.[4] Defendants have not and

---

*Employers Reinsurance Corp.*, 2002 US. Dist. LEXS 1275 (D. Del. Jan. 28, 2002); *Nilssen v. Osram Sylvania, Inc.*, 2001 WL 34368395 at *2 (D. Del. May 1, 2001); *Bosco v. Scott*, 2000 WL 1728150 at *3 (D. Del. Aug. 31, 2000); *Memminger v. InfoCure Corp.*, 2000 U.S. Dist. LEXIS 22077 at * 18 (D. Del. Nov. 14, 2000). Moreover, the venue decisions in *Memminger, Nilssen,* and *Omnicom* cited the "private" interests of the moving party as a basis to transfer. As discussed herein, defendants have totally ignored those factors because they face no inconvenience here.

[4] Unlike defendants here, the parties seeking transfer sustained their heavy burden of demonstrating inconvenience to themselves in the decisions defendants cite that involved federal proxy claims. *See At Home Corp. v. Cox Communications, Inc.*, 2003 U.S. Dist. LEXIS 18320, *4 - *7 (D. Del. Oct. 8, 2003); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 111-

cannot make the requisite showing of substantial inconvenience. Defendants do not claim financial hardship. Defendants have not and cannot show inconvenience of witnesses in coming to Delaware. Defendants have acknowledged that several witnesses are located in various locations around the world and will not even *travel to New Jersey*. Long Affidavit Exh. B. Indeed, during the scheduling hearing in the state court proceedings, counsel for defendants stated during his argument *against* expedited discovery in the New Jersey state court: "[MR. MOFFA] [b]ut understand that one of the witnesses they want to depose lives in Singapore, is in China now. Another – most of the parties that are – *that they really want to talk to are in New York or San Francisco*. That – the locals are all here, *but they don't count as much*, but they're here." *Wilkenfeld v. Knowles*, Docket No. C-166-06 (N.J. Super. Dec. 1, 2006) (Transcript) (emphasis added) (Long Affidavit Exh. C). Plaintiff agrees and therefore travel to Delaware or New Jersey is equally convenient.

Defendants also fail to argue that the location of books and records justifies transfer. To date, defendants have produced thousands of pages of documents to plaintiff's counsel in Delaware with no difficulty. Defendants mostly produced the documents on DVD disks, no doubt created at their counsels' offices that are located in California, New York, and Philadelphia. Long Aff. Exh. D.

Similarly, the "public interests" this Court should consider in assessing defendants' transfer motion also weigh strongly against defendants. *Jumara*, 55 F.3d at 879-80. A judgment against defendants on plaintiff's proxy claim is as enforceable here as it is in the District of New Jersey. As described above, practical considerations also weigh heavily in favor of litigating this in Delaware. Court congestion is, at worst, equal in the competing *fora*. Because the Court will

---

114 (D. Del. 1992); *Minstar, Inc. v. Laborde*, 626 F. Supp. 142, 145-148 (D. Del. 1985); *Hall v. Kittay*, 396 F. Supp. 261, 264-265 (D. Del. 1975).

Case 1:06-cv-00747-JJF    Document 13    Filed 12/14/2006    Page 8 of 8

consider only plaintiff's proxy claims, the local interest to protect investors from misleading proxy materials is as great here as anywhere else. Lastly, this Court has vast experience adjudicating federal proxy claims. This Court is as familiar with applicable Third Circuit precedents as the New Jersey District Court. Moreover, to the extent state law applies, New Jersey courts routinely follow Delaware corporate law precedents. *Lawson Mardon Weaton, Inc. v. Smith*, 734 A.2d 738, 746-47 (N.J. 1999).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' transfer motion.

Dated: December 14, 2006                    RIGRODSKY & LONG, P.A.

*[signature: Brian D. Long]*

Seth D. Rigrodsky, Esquire (ID # 3147)
Brian D. Long, Esquire (ID # 4347)
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel:   (302) 295-5310

*Attorneys for Plaintiff*

OF COUNSEL:

KIRBY, MCINERNEY & SQUIRE, LLP
Ira M. Press, Esquire
830 Third Avenue
New York, NY  10022
Tel:  (212) 317-2300

7

## CERTIFICATE OF SERVICE

I, Brian D. Long, hereby certify that on this 14th day of December, 2006, I caused a true and correct copy of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(A) to be filed with the Clerk of the Court via the CM/ECF system with copies be served upon the following via e-mail:

Louis R. Moffa, Jr., Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

Kenneth M. Murray, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019

Geoffrey A. Kahn, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Angelo A. Stio, III, Esquire
Pepper Hamilton, LLP
300 Alexander Park
Princeton, NJ 08543

Robert L. Hickok, Esquire
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

David J. Berger, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304

Elizabeth M. Saunders, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
One Market, Spear Tower, Suite 3300
San Francisco, CA 94105

Wolfgang Heimerl, Esquire
Heimerl Law Firm
1 Anderson Road, Suite 105
Bernardsville, NJ 07924

David Parker, Esquire
Marc Rosen, Esquire
Kleinberg, Kaplan, Wolff & Cohen, P.C.
551 Fifth Avenue
New York, NY 10176

Gregory B. Reilly, Esquire
John D. Schupper, Esquire
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ 07068-1791

*Brian D. Long*
Brian D. Long (ID #4347)