IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL GERBER, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : : C. HARRY KNOWLES, RICHARD C. CLOSE, JANET H. KNOWLES, JOHN H. MATHIAS, STANTON L. MELTZER, HSU JAU NAN, WILLIAM RULON-MILLER, FRANCISCO PARTNERS, II, L.P., FP-METROLOGIC, LLC, METEOR HOLDING CORPORATION, METEOR MERGER CORPORATION, ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., METROLOGIC INSTRUMENTS, INC., | Civil Action No. 06-747-JJF |

### MEMORANDUM ORDER

On Tuesday, December 12, 2006, the Court held a Scheduling Conference in connection with the Motion For Temporary Restraining Order (D.I. 2) filed by Plaintiff in the above-captioned action requesting the Court to enjoin the distribution of allegedly false and misleading information to shareholders of Metrologic Instruments, Inc. ("Metrologic") in connection with the solicitation of proxies and shareholder support for the December 20, 2006 shareholder vote on the proposed merger between Metrologic and Meteor Holding Corporation. In response to Plaintiff's Motion, Defendants filed a letter with the Court raising concerns related to venue and jurisdiction. Defendants reiterated these concerns at the hearing, making an oral application for a transfer of venue pursuant to 28 U.S.C. § 1404(a). The Court ordered the parties to brief, on an expedited

basis, the threshold questions of jurisdiction and venue related to Defendants' oral application. For the reasons discussed, the Court will grant Defendants' application for a transfer of venue.

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer any civil action to any other district where the action might have been brought in the interest of justice for the convenience of the parties and witnesses. In <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879-80 (3d Cir. 1995), the Third Circuit set forth six private interest and six public interest factors that should be considered in determining whether to grant a motion to transfer. The six private interest factors include: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. Id. at 879. The six public interest factors include: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5)

the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. Id. at 879-80.

In this case, it is undisputed that Plaintiff could have brought this action in New Jersey. Therefore, the question for the Court is whether the Section 1404(a) factors detailed in <u>Jumara</u> weigh in favor of a transfer. The burden of establishing that the balance of the interests weighs in favor of a transfer rests on the movant, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. <u>Continental Cas. Co. v. Am. Home Assurance Co.</u>, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

In this case, the Court is persuaded that the totality of the circumstances and the balance of the <u>Jumara</u> factors weighs in favor of transferring this action to the District of New Jersey. Plaintiff is a resident of New York with no connection to Delaware. The claims asserted by Plaintiff have a clear nexus to New Jersey. Plaintiff's claims involve a New Jersey corporation whose principal place of business is in New Jersey. The company has no officers or employees in Delaware, and none of the individual Defendants lives or works in Delaware. No actions or negotiations were taken with respect to the contemplated merger transaction or the Proxy Statement in Delaware, and none of the witnesses in the case reside in Delaware.

Plaintiff contends that the Proxy Statement was disseminated in Delaware, and the corporate merger vehicles and the successor corporation are incorporated in Delaware. Given the circumstances of this case, however, the Court finds these contacts with Delaware to be insubstantial. See e.g., At Home Corp. v. Cox Communications, Inc., 2003 WL 22350925, *1-2 (D. Del. 2003) (finding no significant relationship between the litigation and Delaware other than the incorporation of one defendant in Delaware and transferring the action to the Southern District of New York); Memminger v. InfoCure Corp., 2000 U.S. Dist. LEXIS 22077, *18 (D. Del. Nov. 14, 2000) (transferring case to Georgia where relevant facts occurred there and only connection to Delaware was incorporation of defendant). Delaware has no significant relation to this litigation, and any slight connection to Delaware identified by Plaintiff is overwhelmed by the relationship of this litigation to New Jersey. Indeed, Plaintiff selected New Jersey initially for the litigation of its claims related to this action, filing nearly identical litigation in New Jersey state court asserting claims based upon New Jersey law. In the Court's view, Plaintiff's initial decision to select New Jersey as the forum for its claims is telling.

In sum, the Court concludes that the forum with the most genuine and substantial nexus to and interest in this case is New Jersey. Accordingly, the Court will grant Defendants' Motion and

order this case to be transferred to the United States District Court for the District of New Jersey.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Defendants' application for a transfer of venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.

2.  The Clerk shall forthwith transfer this action to the United States District Court for the District of New Jersey.

December 14, 2006
DATE

UNITED STATES DISTRICT JUDGE